## EVANS vs. BOWLIN.

When a judgment by default is entered and the damages are unliquidated, if a writ of enquiry be awarded at the same term, notice should be given to the defendant of the day on which the enquiry will be executed.

APPEAL from St. Louis Circuit Court.

GEYER, for Appellant.

The appellant claims a reversal of the judgment of the circuit court on the following grounds:

1. The enquiry was executed at the return term of the case, which was irregular, the defendant having then no day in court. Rev. C. 1835, title, Practice at Law, art. 3, § 35; art. 7, § 10, 11 and 12.

2. If the enquiry of damages could be had at the return term, it must be upon a day previously appointed by the court, allowing sufficient time to the defendant to summon witnesses, and giving him notice of the day, either by an entry on the docket for the day or by notice served on him.

3. The court did not appoint a day for the inquiry in any mode of which the defendant could be required to take notice, the direction to the clerk, never entered of record, cannot be regarded now as an order of the court in this case.

4. The notice which the clerk was directed to give, and did give to the members of the bar, by writing put up in front of his desk, and his gratuitous list and entry on the docket, do not amount to notice, or place the cause upon the docket regularly.

5. The inquiry of damages was had and made irregularly, on a day when the defendant was not required to be present ; at a time of which he had no notice, which time- was appointed without authority of law ; by which irregularities and want of notice, the defendant was taken by surprise and is injured.

J. B. BOWLIN, in person.

The only question in this case, is whether the court erred in refusing to set aside the assessment of damages and judgment by default upon the affidavit of plaintiff in error; the defendant in error alleges, that it did not, and in support thereof submits :

1.· That the motion comes too late , a judgment of non-suit may be set aside at any time during the *term* in which it is rendered.   See sec. 32, Rev. C. p. 460.   But a judgment by default can only be set aside at any time *before* the damages *shall be* assessed, not after :

2.  The affidavit shows no diligence.

3.  The affidavit shows no merits, but an aggravated case of getting hold of money as an auctioneer for another and keeping it.   Revised Code p. 460, sec. 31 and 2;  Greer vs. Goodloe, 7th Mo. Rep. 27 ;  Wimer vs. Morris, same, p. 6 ;  Field vs. Cathcart & Watson, 8th Mo. Rep. 686 ;  LeCompte & wife vs. Wash, 4th Mo. Rep. 557.

SCOTT, J. delivered the opinion of the court.

This was an action of assumpsit brought by Bowlin against Evans on an account.   Evans failing to plead in time at the return term of the writ, a judgment by default was entered against him.   The entry of the default was in the usual form, and concluded with the words: " It is ordered that inquiry of the damages be made at the present term of this court, and the same time is given to the defendant."   The default was taken on the 8th of May, and on the 1st of June following the writ of inquiry was executed, and damages to the amount of $2,620 74 assessed against the defendant Evans.   Afterwards, on the 5th of June, Evans filed a motion, accompanied with an affidavit, to set aside the judgment by default and the assessment of damages.   The affidavit of Evans stated, that on the preceding Monday he was informed that a judgment by default had been rendered against him, but was not then informed, nor was there any entry on the record, as he believed, of the appointment of any day for the execution of an inquiry : that he was

absent on the day of the execution of the inquiry, and had no knowl-
edge that it would be executed on that day, or at any time without no-
tice to him. After other matters, the affidavit further alledged, that
Evans had paid sums amounting to $1,500 on the account, the particu-
lars of which were exhibited ; and it was affirmed, that if an opportu-
nity were offered him, he could establish his right to a credit for that
amount." It appears there was no personal notice given the defendant
of the time appointed for the execution of the writ of inquiry. The
court, it seems, had directed the clerk to set all default and inquiry ca-
ses for the first of June, and to notify the members of the bar of such
order, by a notice put up in the court room : that the clerk, not under-
standing the court to require the order to be entered of record, did not
so enter it, but put up a notice in writing, to the members of the bar,
in front of the clerk's desk in the court room, stating that all default
and inquiry cases would be taken up for inquiry of damages on the said
first day of June ; and upon which notice was also set out each case of
default and inquiry, to be taken up on that day, with the names of the
attorneys, among which was this case ; which notice and list were put
up some week or more previous to the said first day of June. At the
close of the regular trial docket, several cases of default were entered,
among which was this case, over which were the following words :
" default and enquiry cases for June 1st." Upon these facts, the
court overruled the defendant's motion, to which exceptions were taken ;
and the defendant having filed an additional affidavit, in which he stated
that he had spoken to counsel after the commencement of the suit, and
wished him to defend the suit, saying that he owed the plaintiff nothing ;
and supposing the counsel spoken to would appear for him, he gave
himself no further concern in relation to the cause ; moved for a re-
hearing of the first motion, which being overruled, he appealed to this
court.

It is contended for the plaintiff Bowlin, that under our statute, Re-
vised Code, p. 469, sec. 31, an interlocutory judgment for failing to
plead within time, can only be set aside for cause shown before the as-
sessment of damages, and that after the execution of a writ of enquiry,
a motion to set aside a default comes too late, and cannot be entertained
by the court. It is conceived that the section of the statute above re-
ferred to, applies only to those cases in which the proceedings are all
regular; moreover the inquisition can be set aside without affecting the
judgment by default; and the principal relief the defendant Evans
seeks, may be had on an execution of the writ of enquiry. The griev-
ance of which the defendant complains is, that a writ of enquiry was ex-

ecuted in an irregular manner, and under such circumstances as should have induced the court to set aside the assessment, and permit him to establish the credits to which he was entitled. So the merits of this controversy turn on the propriety of the action of the court in executing the writ of enquiry. The 35th sec. of the third article of the act concerning practice at law, provides that in cases of an interlocutory judgment, the damages, if unliquidated, shall be assessed by a jury, and every such inquiry of damages shall be made at the term next after the term in which such interlocutory judgment shall be rendered, unless the court direct it to be made at the same term. When we consider that a defendant by putting in a plea to an action, however false it may be, yet if good in point of form, entitles himself to a continuance as a matter of course, it may be doubted whether the legislature intended that a party who is unwilling to incur the expense of a plea, but acknowledging the plaintiff's right to recover, and intending only to reduce the damages claimed on the execution of the writ of enquiry, should be placed in a worse situation, unless for cause shown. If a court will, at the instance of the plaintiff, *ex mero motu*, direct an enquiry of damages at the return term, without the imposition of any conditions then the statute will be as though it had declared, that all writs of enquiry should be executed during the term at which the default is taken. It would seem that the statute contemplated that the general rule should be, that the assessment of damages should be made at a term subsequent to that at which the default was taken. The exceptions were those cases in which it might be otherwise directed. If a court will be so facile to a plaintiff as to direct that an assessment of damages shall be made during the term at which a default is taken, without any cause being shown or imposing any terms on him, should it not be equally facile to a defendant, who relying on the general rule of law, and supposing that a writ of enquiry will not be executed until a subsequent term, is disappointed in these expectations by its actions? Does not reciprocal justice require that as great facility should be shown the defendant in setting aside the assessment made under such circumstances, as was manifested to the plaintiff in having it made? This is no question of *laches*. The defendant had no day in court; he was not apprized in any legal manner of the steps taken against him subsequent to the default, consequently *laches* cannot be imputed to him in not resisting them, or making his defence at the time. If the general rule had been observed, and there had been a postponement of the assessment of damages to a subsequent term, the law provided a mode in which the defendant would have been notified of the time when it was

necessary to appear and make his defence. Rev. C. p. 471, § 10. In departing from this rule, the court should have provided for the protection of the defendant, or if it failed to do so, should readily have retraced its steps when a *prima facia* case was made, showing that injustice had been done by a non-compliance with it. We do not intend to prescribe any rules as to the terms on which a plaintiff should be allowed to have an assessment of damages during the term at which a default is taken. That duty more properly belongs to the circuit court. We only maintain that when an assessment at the return term is directed in a case in which no reason is shown for such a direction, and no notice is given to the defendant, it should be set aside in order to let in proof of credits, to which it appears by his affidavit he is entitled.

We do not think that the notice set up by the clerk was legal. It does not appear that any rule of court directed in what manner assessment of damages should be made on defaults taken at the return term of writs. No court can speak but by its records. Nor is there any other evidence of its proceedings than its records. If the clerk omitted to make an entry, that omission might be supplied by an entry *nunc pro tunc*. But that has not been done, and the pretended notice of the clerk has no other foundation than the verbal direction of the judge. So as the record appears to us, there was no legal notice to attorney or suitors of the time of the execution of writs of enquiry. This view of the subject renders it unnecessary to say anything in relation to the second affidavit. It does not clearly appear from that affidavit that there was any retainer of counsel, and if there had been, for the reasons above given, the defendant should not have been deprived of the benefit of his motion.

The affidavits show no reason for setting aside the judgment by default; that will therefore remain. The inquisition of damages is set aside, and a new writ of enquiry is awarded.

The other judges concurring, the judgment is reversed and the cause remanded.